CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 26 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS MARTIN, | ) | CASE NO. 7:17CV00397 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DIRECTOR, VDOC | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

James Douglas Martin, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Henry County Circuit Court for distribution of cocaine. Respondent filed a motion to dismiss, and Martin responded, making the matter ripe for disposition. After review of the record, the court grants the motion to dismiss and dismisses the petition.

I.

On July 31, 2014, the Henry County Circuit Court found Martin guilty of distributing cocaine. On November 25, 2014, the trial court sentenced him to twenty years' imprisonment, with fifteen years and six months suspended. Martin did not appeal.

On October 26, 2015, Martin filed a habeas petition in the circuit court, which the court denied on March 8, 2016. Martin appealed, but the Supreme Court of Virginia denied his petition and his request for rehearing.

II.

On August 17, 2017, Martin filed the current petition, alleging that trial counsel was ineffective for failing to:

1. file a notice of appeal;

2. introduce exculpatory audio and video evidence at trial;

3. properly question the witnesses and clarify their false statements; and

4. pursue an entrapment defense.

### III.

Martin's claims are time-barred. Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Meanwhile, equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

The circuit court sentenced Martin on November 25, 2014, and Martin did not appeal. Therefore, his judgment became final on December 26, 2014. See Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice of appeal within thirty days of the entry of judgment);

Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Thus, Martin had one year (365 days) from December 16, 2014 within which to file his § 2254 petition.

By the time Martin filed his state habeas petition on October 26, 2015, 305 days of the statute of limitations had run. After that, the limitations period began to run again on March 8, 2016, because Martin's appeal was not properly filed: the Supreme Court of Virginia found his assignments of error insufficient under Va. Sup. Ct. R. 5:17(c)(1)(iii). See Yeatts v. Angelone, 166 F.3d 255, 260-65 (4th Cir. 1999) (Va. Sup. Ct. R. 5:17 is an adequate and independent state ground barring federal habeas review.). Therefore, a total of 831 days passed before Martin filed the current petition.

Martin alleges that he is entitled to equitable tolling based on his limited education and means; however, he has not shown reasonable diligence in pursuing his rights, and he has not alleged that any extraordinary circumstance prevented his timely filing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases) (holding that "ignorance of the law is not a basis for equitable tolling"); United States v. Berry, No. 3:09cr00019-1, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) (collecting cases) ("Reliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling."). Further, Martin has not alleged a colorable claim of actual innocence.[1] Therefore, the court will dismiss the petition as time-barred.

---

[1] A colorable claim of actual innocence can serve as a "gateway" to secure the adjudication of an otherwise unreviewable claim. Schlup v. Delo, 513 U.S. 298, 315 (1995). Martin does not cite Schlup or McQuiggin v. Perkins, 569 U.S. 383 (2013), and he does not present any new compelling evidence unavailable at trial or on appeal. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

## IV.

For the reasons stated, the court will grant the motion to dismiss. The petition is time-barred. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Martin and to counsel of record for Respondent.

ENTER: This 26th day of April, 2018.

/s/ Jou Conrad
Senior United States District Judge